IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 20–cv–01643–PAB–KMT

BRIAN HALIK,

      Plaintiff,

v.

JASON DARBYSHIRE, Former Detective, El Paso County Sheriff's Office, individually and in his official capacity, and
CHRIS DONATELL, Deputy, El Paso County Sheriff's Office, individually and in his official capacity,

      Defendants.

---

# ORDER

---

      Before the court is Defendants' "Motion to Stay Discovery."  (["Motion"], Doc. No. 14.)

No response has been filed to the Motion, and the time to do so has lapsed.[1]

      *Pro se* Plaintiff Brian Halik[2] brings this lawsuit, pursuant to 42 U.S.C. § 1983, asserting

violations of his Fourth, Fifth, Eighth, and Fourteenth Amendment rights by Defendants Jason

Darbyshire and Chris Donatell.  (["Complaint"], Doc. No. 1 at ¶¶ 30-33.)  Specifically, Plaintiff

---

[1] Defendants advise that they "conferred with Plaintiff via electronic mail on October 30, 2020," but that, as of the filing of the present Motion, "no response was received."  (Mot. 1.)

[2] Mindful of Plaintiff's *pro se* status, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys."  *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding the allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers").

alleges that, on June 7, 2018, Defendants, both of whom are El Paso County Sheriff's Department employees, unlawfully arrested him, and "engaged in extensive corruption and misconduct in order to frame" him, despite "significant evidence that proved Plaintiff's innocence." (*Id.* at 1-2.)  In his Complaint, Plaintiff seeks monetary damages, as well as declaratory, injunctive, and mandamus relief.  (*Id.* at 10-11.)

On September 29, 2020, Defendants responded to the Complaint by filing a motion to dismiss, and on October 30, 2020, a motion to stay discovery, pending resolution of the motion to dismiss.  (Doc. No. 5; Mot. 1.)  Defendants argue that a discovery stay is appropriate in this case, because their motion to dismiss invokes qualified immunity to certain of Plaintiff's claims.  (*Id.* at 3-4.)  In addition, Defendants argue that proceeding with discovery in this matter will cause them "undue burden and expense."  (*Id.* at 4.)

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings.  Rule 26(c), however, permits a court to "make an order which justice requires to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c).  Further, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kan. City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

In this District, a stay of discovery is generally disfavored.  *See, e.g.*, *Rocha v. CCF Admin.*, No. 09-cv-01432, 2010 WL 291966, at *1 (D. Colo. Jan. 20, 2010); *Jackson v. Denver Water Bd.*, No. 08-cv-01984, at *1 (D. Colo. Dec. 15, 2008); *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419, at *2 (D. Colo. Mar. 2, 2007).  Nevertheless, the decision whether to stay

discovery rests firmly within the sound discretion of the court. *United Steelworkers of Am. v. Or. Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003) (quoting *Landis*, 299 U.S. at 254).

In ruling on a motion to stay discovery, five factors are generally considered: "(1) [the] plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to [the] plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934, 2006 WL 8949955, at *2 (D. Colo. Mar. 30, 2006); *see United Steelworkers*, 322 F.3d at 1227. Further, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2040, at 198 (3d ed. 2010). "[A] stay may be appropriate if resolution of a preliminary motion may dispose of the entire action." *Serv. First Permits, LLC v. Lightmaker Vancouver (Internet) Inc.*, No. 18-cv-02089, 2019 WL 109335, at *3 (D. Colo. Jan. 4, 2019) (quoting *Elec. Payment Sols. of Am., Inc.*, No. 14-cv-02624, 2015 WL 3940615, at *1 (D. Colo. June 25, 2015)).

In this case, as to the first factor, there is no evidence to suggest that Plaintiff will be prejudiced by a discovery stay. Indeed, Plaintiff has not responded, or otherwise expressed opposition, to Defendants' motion. The first factor, therefore, weighs in favor of the imposition of a stay. *See Frasier v. Evans*, No. 15-cv-01759, 2015 WL 6751136, at *2 (D. Colo. Nov. 5, 2015) (finding the first factor to weigh in favor of a stay, because the plaintiff did not oppose the requested relief).

As to the second factor, Defendants argue that they would be unduly burdened by moving

forward with discovery, because this case "is based on allegations stemming from several criminal matters in which discovery is anticipated to be lengthy, complex, and costly." (Mot. 4.) In making that argument, Defendants stress that they have asserted qualified immunity to each of Plaintiff's claims. (*Id.* at 3-4.) Qualified immunity "give[s] government officials a right, not merely to avoid standing trial, but also to avoid the burdens of such pretrial matters as discovery." *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) (alterations omitted) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). The Tenth Circuit has made clear that "qualified immunity questions should be resolved at the earliest possible stage in litigation." *Schwartz v. Booker*, 702 F.3d 573, 579 (10th Cir. 2012) (quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)) (per curiam) (alterations omitted). In addition, "discovery generally should be avoided once qualified immunity is raised," unless the plaintiff demonstrates "how [such] discovery will raise a genuine fact issue as to the defendant['s] qualified immunity claim." *Martin v. Cty. of Santa Fe*, 626 Fed. App'x 736, 740 (10th Cir. 2015) (citing *Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1387 (10th Cir. 1994)). Here, Plaintiff has made no such demonstration.

Nevertheless, an assertion of qualified immunity "is not a bar to all discovery." *Rome v. Romero*, 225 F.R.D. 640, 643 (D. Colo. 2004). Indeed, qualified immunity is applicable only to individual capacity claims for monetary damages; it is not a defense against claims for injunctive, declaratory, or mandamus relief, or against official capacity claims. *Meiners v. Univ. of Kan.*, 359 F.3d 1222, 1233 n.3 (10th Cir. 2004) (citing *Frank v. Relin*, 1 F.3d 1317, 1327 (2d Cir. 1993)). In this case, Plaintiff has requested injunctive, declaratory, and mandamus relief, in addition to monetary damages. (Compl. 10-11.) In addition, Plaintiff lodges his claims against Defendants, in their individual and official capacities. (*Id.* at 1.)

However, there is no question that allowing limited discovery to proceed as to the official capacity claims, or as to the individual capacity claims for non-monetary damages, would effectively rob Defendants of their qualified immunity defenses.  Indeed, in this case, it would be difficult to distinguish between discovery related to claims that may be subject to qualified immunity, and those that are not.  For instance, Plaintiff's Fourth Amendment claims for declaratory and injunctive relief, which would not be subject to qualified immunity, would result in discovery of the same information that would be relevant to his Fourth Amendment claims for monetary damages, which potentially would be subject to qualified immunity.  Given that qualified immunity "is both a defense to liability and a limited 'entitlement not to stand trial or face the other burdens of litigation," such a scenario would be inappropriate.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).  Accordingly, the second factor supports the imposition of a stay.  *See Chapman v. Fed. Bureau of Prisons*, No. 15-cv-00279-WYD-KLM, 2015 WL 4574863, at *3 (D. Colo. July 30, 2015) (finding the second factor weighed in favor of staying discovery, even though qualified immunity was only applicable as to some of the claims, because "it would be difficult for the parties and the Court to distinguish between discovery related to the claims that may be subject to qualified immunity and those that are not").

Looking to the remaining *String Cheese Incident* factors, the third "court convenience" factor also weighs in favor of stay.  Indeed, it is certainly more convenient for the court to enter a stay until it is clear which of Plaintiff's claims, if any, will move forward.  The fourth factor bears no weight, as there are no non-parties with significant, particularized interests in this case.  As to the fifth factor, the general public's primary interest in this case is an efficient and just

resolution.  Avoiding wasteful efforts by the court and the litigants serves that purpose.

Therefore, considering the *String Cheese Incident* factors together, as well as the strong interest of resolving immunity questions before subjecting government officials to the vicissitudes of litigation, a stay of discovery is appropriate in this case.

Accordingly, it is

**ORDERED** that Defendants' "Motion to Stay Discovery" (Doc. No. 14) is **GRANTED**. Discovery in this matter is **STAYED** pending a ruling on the Motion to Dismiss.  The parties shall file a joint status report within ten days of a ruling on the motion to dismiss, if any portion of the case remains, to advise whether the proposed scheduling order deadline should be reset.

This 12th day of December, 2020.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge