IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-01643-PAB-KMT

BRIAN HALIK,

      Plaintiff,

v.

JASON DARBYSHIRE, Former Detective, EL Paso County Sheriff's Office, individually and in his official capacity, and
CHRIS DONATELL, Deputy, El Paso County Sheriff's Office, individually and in his official capacity,

      Defendants.

_____

**ORDER**
_____

      This matter is before Court on the Recommendation of United States Magistrate Judge [Docket No. 19] filed on August 23, 2021. The magistrate judge recommends granting in part and denying in part defendants' motion to dismiss, Docket No. 5, filed pursuant to Federal Rules of Civil Procedure 12(b)(5), and 12(b)(6). Docket No. 19 at 37–38. Defendants filed written objections to the recommendation. Docket No. 20. Plaintiff did not timely object or respond to defendants' objections. Because plaintiff is *pro se*, the Court construes his filings liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## I. BACKGROUND[1]

On April 29, 2018, a motorcyclist, who is not a party to this action, attempted to elude officers of the Colorado Springs Police Department ("CSPD").  Docket No. 1 at 1, ¶ 2.  While the motorcyclist was being followed, a second motorcyclist passed by the officers and the first motorcyclist.  *Id.*  The officers did not attempt to engage the second motorcyclist.  *Id.*  Although the incident was recorded on the officers' body-worn cameras and by the second motorcyclist, defendant Detective Jason Darbyshire ("Detective Darbyshire") of the El Paso County Sheriff's Office ("EPSO") accused plaintiff of being the second motorcyclist.  *Id.* at 2, ¶ 2.  Despite evidence to the contrary, Detective Darbyshire "falsely claim[ed]" that the second motorcyclist "was actually being pursued" by officers for "reckless[]" conduct.  *Id.* at 3, ¶ 9(b).  Detective Darbyshire, together with other "known and unknown" EPSO deputies, including defendant Deputy Chris Donatell, then "engaged in extensive corruption and misconduct" to "violate [p]laintiff's constitutional rights."  *Id.*; *id.* at 2–6, ¶¶ 9–15.  The goal, according to plaintiff, was to "frame" him for a crime that he did not commit.  *Id.* at 2, ¶ 9.

In the month before his arrest, "[n]umerous EPSO Deputies, known and unknown," waged "an extensive, relentless campaign of oppression, civil rights violations, and harassment" against him.  *Id.* at 6, ¶ 15.  On May 3, 2018, while "on house arrest with an ankle monitor" for an unrelated offense, an EPSO deputy "went to [p]laintiff's house in order to accuse him of a separate incident of vehicular eluding on a

---

[1] The following facts, which are assumed to be true, *see Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011), are taken from plaintiff's complaint.  Docket No. 1.

motorcycle." *Id.*  Then, on May 7, 2018, at approximately 12:15 am, three other EPSO deputies "arrived at [his] house in two marked EPSO patrol vehicles to accuse him of yet another incident of vehicular eluding." *Id.* at 7, ¶ 15.   Plaintiff was forced to seek emergency medical treatment for "severe emotional distress due to the EPSO Deputies continuing to harass him." *Id.*

In addition, on June 7, 2018, Detective Darbyshire, Deputy Donatell, and other EPSO deputies entered plaintiff's residence without a valid search warrant or probable cause and took cash, credit cards, digital media, and other property from plaintiff, including his motorcycle, which has been "subjected to extensive weathering" for two years. *Id.* at 5–8, ¶¶ 12, 14, 16–21.  Some of plaintiff's property has never been returned, even though the prosecutor authorized its release to plaintiff.  *Id.* at 8, ¶ 20. Defendants took the cash, and also credit cards, to prevent plaintiff from being able to post bond and to restrict his movements.  *Id.*  Similarly, on June 20, 2018, at the direction of Detective Darbyshire, detectives "combed through all of [p]laintiff's digital media," "severely violat[ing]" plaintiff's privacy rights.  *Id.* at 8, ¶ 19.  Law enforcement accessed files dating back to at least August 2011, which was before plaintiff had entered Colorado.  *Id.*  In addition, Detective Darbyshire "used [p]laintiff's protected speech against him" in an arrest warrant affidavit, which plaintiff claims "openly and blatantly violated [his] established First Amendment rights."  *Id.* at 9, ¶ 23.  Then, despite typical bonds being set at $3,000 for the types of crimes plaintiff was charged with, Detective Darbyshire, through "corruption and misconduct," "arranged an excessively high bond of $25,000," which plaintiff states was unconstitutional.  *Id.*,

¶¶ 22, 24.  Detective Darbyshire also "tried valiantly to get [p]laintiff's probation officer to place a probation hold on [p]laintiff so that [p]laintiff would not be able to bond out of jail."  *Id.*, ¶ 24.

Plaintiff was ultimately charged with various felonies and misdemeanors, including "vehicular eluding . . . , conspiracy to elude . . . , obstructing a peace officer . . . , criminal attempt . . . , reckless driving . . . , [and] failure to obey traffic signal."  Id. at 4–5, ¶ 10.  This was the culmination of "more than 20 months of continuous prosecution, unlawful arrest, spending time in jail, having to post excessive bond, approximately 30 in-person court appearances, countless meetings with attorneys, and the threat of significant prison time looming over [his] head."  *Id.* at 5, ¶ 11.  The charges were the result of defendants' lies on affidavits and police reports, and defendants also attempted to "lessen [p]laintiff's credibility in court proceedings and to cover up misconduct by other EPSO Deputies."  *Id.*, ¶ 13.  Detective Darbyshire also deliberately "concealed exculpatory evidence" and withheld other evidence from plaintiff's attorney.  *Id.* at 7, ¶ 17.  The prosecutor ultimately declined to prosecute all of the charges except vehicular eluding and reckless driving.  *Id.* at 4–5, ¶ 10.

Plaintiff asserts the following claims against defendants in their official and individual capacities: defendants (1) "violated [p]laintiff's right against unreasonable search and seizure, as guaranteed by the Fourth Amendment"; (2) "violated [p]laintiff's right to due process as guaranteed by the Fifth and Fourteenth Amendments"; (3) "showed deliberate indifference to [p]laintiff's constitutional rights, among other violations, thereby violating [p]laintiff's right against cruel and unusual punishment, as guaranteed by the Eighth Amendment"; (4) "were grossly negligent and demonstrated

reckless or callous disregard for [p]laintiff's rights, as well as intentional violations of state and federal law." *Id.* at 10, ¶¶ 30–33.

Defendants move to dismiss the four claims for multiple grounds: (1) insufficient service of process under Rule 12(b)(5); (2) time barred under 42 U.S.C. § 1983; (3) the Fourth Amendment claim is barred by the favorable termination rule in *Heck v. Humphrey*, 512 U.S. 477 (1994); (4) the Fourth Amendment claim fails to state a claim under Rule 12(b)(6); (5) plaintiff lacks standing for his Fifth Amendment claim; (6) plaintiff lacks standing for his Eighth Amendment claim; (7) plaintiff fails to state a plausible Due Process claim under the Fourteenth Amendment; (8) plaintiff fails to state a plausible malicious prosecution claim; and (9) plaintiff fails to state a plausible denial of access claim. *See* Docket No. 5.

The magistrate judge recommends granting the motion in part and denying it in part. *See* Docket No. 19 at 37–38. In particular, the magistrate judge recommends that plaintiff's claims under § 1983 arising out of events that occurred before June 7, 2018 be dismissed with prejudice as time-barred, and that plaintiff's Fourth Amendment claims for malicious prosecution and false arrest be dismissed without prejudice as barred by the favorable termination rule. *Id.* at 37. She also recommends that plaintiff's Fourth Amendment claim relating to the June 20, 2018 search, Fifth Amendment claim, Eighth Amendment claim alleging violations of the Cruel and Unusual Punishment Clause, Fourteenth Amendment substantive due process claim, and denial of court access claim should be dismissed for failure to state a claim. *Id.* In all other respects, the magistrate judge recommends that the motion be denied. *Id.* Thus, the magistrate

5

judge recommends that plaintiff's remaining Fourth Amendment claim for unreasonable search and seizure, his Fourteenth Amendment procedural due process claim against defendants in both their individual and official capacities, his First Amendment claim against Detective Darbyshire in his individual and official capacities, and his Eighth Amendment excessive bail claim against Detective Darbyshire in his individual and official capacities should proceed.  *Id.*

While the magistrate judge noted that defendants "reference qualified immunity" in their motion, Docket No. 5 at 5, she found that, "aside from reciting the applicable legal framework, [d]efendants provide no argument for dismissal on that basis" and, in reply, "claim that they are under 'no obligation' to provide the court with any 'argument' regarding qualified immunity, beyond simply 'raising the issue.'"  Docket No. 19 at 5 n.1 (quoting Docket No. 16 at 2–4).  The magistrate judge thus declined to consider qualified immunity because defendants "fail[ed] to even address whether qualified immunity is applicable to this case."  *Id.* (citing *United States v. Wooten*, 377 F.3d 1134, 1145 (10th Cir. 2004) ("The court will not consider . . . issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation."); *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.")).

## II.  LEGAL STANDARD

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  An objection is "proper" if it is both timely and specific.  *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059

(10th Cir. 1996).  A specific objection "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute."  *Id.*

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate.  *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").  The Court therefore reviews the non-objected to portions of the recommendation to confirm that there is "no clear error on the face of the record."  Fed. R. Civ. P. 72(b), Advisory Committee Notes.  This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review.  Fed. R. Civ. P. 72(b).

## III.  ANALYSIS

The sole issue that defendants object to is the magistrate judge's treatment of qualified immunity.  *See* Docket No. 20.  As mentioned previously, the magistrate judge found that, "aside from reciting the applicable legal framework," for qualified immunity, "[d]efendants provide no argument for dismissal on that basis."  Docket No. 19 at 5 n.1. The magistrate judge thus declined to consider whether defendants were entitled to qualified immunity because defendants "fail[ed] to even address whether qualified immunity is applicable to this case."  *Id.*

"Qualified immunity balances two important interests – the need to hold public officials accountable when they exercise power irresponsibly and the need to shield

officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

Under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Thus, to survive a motion to dismiss under Rule 12(b)(6) "where a qualified immunity defense is implicated, the plaintiff 'must allege facts sufficient to show (assuming they are true) that the defendants plausibly violated their constitutional rights.'" *Hale v. Duvall*, 268 F. Supp. 3d 1161, 1164 (D. Colo. 2017) (quoting *Robbins v. Oklahoma ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1249 (10th Cir. 2008)). When a defendant raises the defense of qualified immunity, a "plaintiff carries a two-part burden to show: (1) that the defendant's actions violated a federal constitutional or statutory right, and, if so, (2) that the right was clearly established at the time of the defendant's unlawful conduct." *T.D. v. Patton*, 868 F.3d 1209, 1220 (10th Cir. 2017) (internal quotation marks omitted).

Defendants assert that they "do in fact *raise* the issue of [qualified immunity] by citing the applicable legal standard, which triggers immunity unless and until [p]laintiff can satisfy *both* prongs of his heavy two-part burden fo proof." Docket No. 20 at 3. They argue that the magistrate judge failed to provide any authority supporting the proposition that asserting qualified immunity as a basis for dismissal requires defendants to "supply facts or argument beyond 'raising' [qualified immunity] as a basis

for dismissal." *Id.* Defendants also insist that the cases that the magistrate judge relied upon, *Wooten* and *Dunkel*, do not support her treatment of the qualified immunity issue.

Defendants are correct that neither *Wooten* nor *Dunkel* addresses what is required for a defendant to properly raise the issue of qualified immunity. The relevant portion of *Wooten* found the defendant's Equal Protection argument insufficient because the defendant "devote[d] only one short paragraph to this argument" and "cited only one case." *Wooten*, 377 F.3d at 1145. The court stated that it "w[ould] not consider such 'issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation.'" *Id.* (quoting *Murrell v. Shalala*, 43 F.3d 1388, 1390 n.2 (10th Cir. 1994) (quotations omitted)). The court in *Wooten* cited other cases for the same rule. *Id.* (citing *Femedeer v. Haun*, 227 F.3d 1244, 1255 (10th Cir. 2000) (declining to consider argument where only a perfunctory reference to the issue was raised); *United States v. Kunzman*, 54 F.3d 1522, 1534 (10th Cir. 1995) (declining to consider issues that were nominally raised)).

In *Dunkel*, the court considered the government's argument that the defendant had waived his objection to a district court ruling "by burying it in a single unreasoned paragraph of his brief on appeal" and noted that a "skeletal 'argument,' really nothing more than an assertion does not preserve a claim," "[e]specially not when the brief presents a passel of other arguments." *Dunkel*, 927 F.2d at 956. The court then remarked that "[j]udges are not like pigs, hunting for truffles buried in briefs." *Id.* The magistrate judge did not rely on *Wooten* and *Dunkel*, therefore, for any rule concerning burden shifting regarding the qualified immunity doctrine or what a defendant must do

to properly invoke the doctrine.  Rather, the magistrate judge cited both cases for the general proposition that, as the Tenth Circuit has explained, "[a]rguments raised in a perfunctory manner . . . are waived."[2]  *United States v. Hardman*, 297 F.3d 1116, 1131 (10th Cir. 2002).

Moreover, the Court disagrees with defendants' argument that they sufficiently raised qualified immunity by reciting the two prongs of the plaintiff's burden and citing one case.  The Court finds *Tillmon v. Douglas County*, 817 F. App'x 586, 589 (10th Cir. 2020) (unpublished), instructive.  In that case, the Tenth Circuit considered an interlocutory appeal of the district court's decision not to rule on the defendants' qualified immunity defense.  The court explained that, "if a defendant adequately raises qualified immunity and the district court declines to rule on the defense, then we typically remand and direct the district court to decide qualified immunity.  But if a defendant does not adequately present the defense to the district court, then the defense is not preserved for appellate review and we affirm the district court."  *Id.* (citations omitted).  The court found that, although the defendants argued on appeal that they had "adequately raised qualified immunity in their motion to dismiss," their "analysis of qualified immunity in th[e] motion was cursory at best" because their "argument consisted of a single paragraph briefly discussing the law of qualified immunity."  *Id.*

On *de novo* review, the Court agrees with the magistrate judge that defendants' qualified immunity analysis in their motion to dismiss is too meager and perfunctory to

---

[2] Defendants here have not waived qualified immunity as to the surviving claims for the duration of the case, but rather for purposes of their motion to dismiss.

be considered "adequately presented."  The entirety of defendants' treatment of

qualified immunity is as follows:

> Once qualified immunity is raised in a 1983 action, individual defendants
> are entitled to qualified immunity unless plaintiff overcomes the heavy
> two-part burden of demonstrating that (1) the defendant violated a
> constitutional right and (2) the constitutional right was clearly established
> at the time of the alleged conduct.  *Brooks v. Gaenzle*, 614 F.3d 1213,
> 1219 (10th Cir. 2010.)  The court may decide which prong to address first.
> *Id.*  Qualified immunity applies unless plaintiff can satisfy both prongs.  *Id.*

Docket No. 5 at 5.  As the magistrate judge found, defendants made no attempt to

argue why qualified immunity applies in this case.  Thus, while defendants are correct

that the burden to overcome qualified immunity is entirely plaintiff's, that burden only

arises when the doctrine has been "adequately presented."

The Court has reviewed the non-objected to portions of the recommendation to

satisfy itself that there is "no clear error on the face of the record."  Fed. R. Civ. P.

72(b), Advisory Committee Notes.  Based on this review, the Court has concluded that

this portion of the recommendation is a correct application of the facts and the law and

will accept the magistrate judge's recommendation.

Defendants request "dismissal from this Action in its entirety, with prejudice."

Docket No. 5 at 15.  The Court agrees with defendants and the magistrate judge that

plaintiff's state-law claims and claims under 42 U.S.C. § 1983 arising out of events that

occurred prior to June 7, 2018 should be dismissed with prejudice because they are

time-barred.  It is "patently obvious that the plaintiff could not prevail on the facts

alleged, and allowing him an opportunity to amend his complaint would be futile."  *Hall*,

935 F.2d at 1109–10 (quoting *McKinney v. Oklahoma*, 925 F.2d 363, 365 (10th Cir.

1991)).

The Court also accepts the magistrate judge's recommendation to dismiss plaintiff's Fourth Amendment malicious prosecution and false arrest claims without prejudice.  The magistrate judge agreed with defendants that these claims are barred by the favorable termination rule set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994).  Docket No. 19 at 37.  "[D]ismissals pursuant to *Heck* are without prejudice."  *Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 560 n.5 (10th Cir. 1999) (citing *Fottler v. United States*, 73 F.3d 1064, 1065–66 (10th Cir. 1996)).

The magistrate judge recommends dismissing plaintiff's Fourth Amendment claim relating to the June 20, 2018 search of plaintiff's digital media because plaintiff does not provide sufficient allegations to determine whether the search was conducted pursuant to a valid warrant.  Docket No. 19 at 26.  However, the magistrate judge does not specify whether the dismissal should be with or without prejudice.  *Id.* 19 at 37.  The Court will dismiss this claim without prejudice because, while plaintiff's complaint lacks sufficient allegations, it is not "patently obvious that . . . allowing [plaintiff] an opportunity to amend his complaint would be futile."  *Hall*, 935 F.2d at 1109–10; *see also Rawlings v. City of Fountain*, No. 17-cv-01980-RM-KLM, 2018 WL 3375191, at *3 (D. Colo. July 10, 2018) (citing *Crump v. James Irwin Charter Sch.*, No. 12-cv-00008-PAB-KLM, 2012 WL 1247186, at *3-4 (D. Colo. Mar. 21, 2012) (dismissing claims pursuant to Rule 12(b)(6) without prejudice); *Reynoldson v. Shillinger*, 907 F.2d 126, 127 (10th Cir. 1990) (holding that prejudice should not attach to a dismissal when plaintiff has made allegations "which, upon further investigation and development, could raise substantial issues")).

The magistrate judge recommends dismissing plaintiff's Fifth Amendment claim because plaintiff's response to the motion to dismiss indicates that he intends to abandon this claim.  Docket No. 10 at 6, ¶ 9 ("Defendants claim that Plaintiff lacks standing under the Fifth Amendment.  Plaintiff is *pro se* and misstated this claim in his Complaint.").  The magistrate judge, however, does not specify whether this claim should be dismissed with or without prejudice.  The Court finds dismissal with prejudice to be appropriate.  *See, e.g.*, *Rubi v. Town of Mountainair*, 2019 WL 3843049, at *2 (D.N.M. Aug. 15, 2019) ("Because Plaintiff does not attempt to salvage his malicious prosecution claim, the Court will grant Defendants' motion on Plaintiff's malicious prosecution claim and dismiss it with prejudice." (citing *Hinsdale v. City of Liberal*, 19 F. App'x 749, 768–69 (10th Cir. 2001) (unpublished) (affirming summary judgment on a claim abandoned in summary judgment briefing); *Coffey v. Healthtrust, Inc.*, 955 F.2d 1388, 1393 (10th Cir. 1992) (same)).

The magistrate judge recommends dismissing plaintiff's Eighth Amendment claims alleging violations of the Cruel and Unusual Punishment Clause because the claims concern events that occurred prior to his conviction.  Docket No. 19 at 27–30. The magistrate judge, however, does not specify whether these claims should be dismissed with or without prejudice.  The Court finds dismissal with prejudice to be appropriate because this claim could not survive under any set of facts.  *See, e.g.*, *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 809 (10th Cir. 1999) ("The Eighth Amendment, which applies to the States through the Due Process Clause of the Fourteenth Amendment, prohibits the infliction of cruel and unusual punishments on

13

those convicted of crimes."); *Whitley v. Albers*, 475 U.S. 312, 318–19 (1986) ("The Cruel and Unusual Punishments Clause was designed to protect those convicted of crimes, and consequently the Clause applies only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions."); *see also Hall*, 935 F.2d at 1109–10.

The magistrate judge recommends dismissing plaintiff's Fourteenth Amendment substantive due process claims, but does not specify whether the dismissal should be with or without prejudice.  Docket No. 19 at 33.  Plaintiff's arguments appear to concern his alleged arrest without probable cause.  See Docket No. 1 at 10, ¶ 28 ("Lying on police reports is not only unethical, it is illegal and corrupts the criminal justice system. It also denies due process guaranteed to Plaintiff by the Fifth and Fourteenth Amendments to the U.S. Constitution.").  However, "no §1983 claim will arise from filing criminal charges without probable cause under the substantive due process protections of the Fourteenth Amendment."  *Becker v. Kroll*, 494 F.3d 904, 918 (10th Cir. 2007).  Moreover, defendants have shown, and plaintiff does not challenge, that plaintiff pled guilty before plaintiff's trial was to begin.  Docket No. 5 at 9 (citing plaintiff's plea agreement).[3]  Thus, the Court agrees with the magistrate judge that plaintiff's

---

[3] The Court takes judicial notice of plaintiff's state-court plea agreement.  "[F]acts subject to judicial notice" may include "pleadings, court orders, motions and certified transcripts of hearings from the state court case."  *See Cont'l Coal, Inc. v. Cunningham*, 511 F. Supp. 2d 1065, 1070–71 (D. Kan. 2007) (citing *Trusdale v. Bell*, 85 F. App'x 691, 693 (10th Cir. 2003) (unpublished) (noting magistrate judge took judicial notice of district court records about plaintiff's criminal conviction)); *see also Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) ("[F]acts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment.  This allows the court to take judicial notice of its own files and records, as well as facts which are a matter of public record.  However, the

Fourteenth Amendment substantive due process rights were not implicated.  *See*

*Becker*, 494 F.3d at 924 (rejecting a plaintiff's argument – that the defendants violated

his substantive due process rights by suppressing exculpatory evidence – because the

underlying criminal prosecution "never proceeded to trial").  Because this claim could

not survive under any set of facts, the Court will dismiss it with prejudice.  *See Hall*, 935

F.2d at 1109–10.

Finally, the magistrate judge recommends dismissing plaintiff's access-to-courts

claims, Docket No 19 at 36, yet does not specify whether the dismissal should be with

or without prejudice.  The Court finds dismissal without prejudice to be appropriate.

The magistrate judge found that plaintiff had failed to show a nonfrivolous, arguable

underlying claim because the complaint does not give defendants fair notice of the

claim.  *Id.* at 35 (citing *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)).  The

magistrate judge found that plaintiff alleged that Deputy Darbyshire "concealed" certain

"exculpatory evidence" and "refused" to turn over other evidence.  *Id.* at 16 (citing

Docket No. 1 at 2–3, ¶ 9; *id.* at 7, ¶ 17).  The magistrate judge found that these

allegations did not establish a viable access-to-courts claim.  The Court finds no error in

this determination and will dismiss plaintiff's access-to-courts claims without prejudice.

*See Reynoldson*, 907 F.2d at 127.

## IV.  CONCLUSION

For the foregoing reasons, it is therefore

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket

documents may only be considered to show their contents, not to prove the truth of
matters asserted therein." (internal citations and quotations omitted)).

No. 19] is **ACCEPTED**.  It is further

ORDERED that Defendants' Objection to Report and Recommendation (ECF 19) is **OVERRULED**.  It is further

ORDERED that Defendants' Motion to Dismiss Complaint (ECF No. 1) Pursuant to Fed. R. Civ. P. 8(a) and 12(b)(5) and (6) [Docket No. 5] is **GRANTED in part** and **DENIED in part**.  It is further

ORDERED that plaintiff's state-law claims and claims under 42 U.S.C. § 1983 arising out of events that occurred prior to June 7, 2018, are **DISMISSED with prejudice**.  It is further

ORDERED that plaintiff's Fourth Amendment malicious prosecution and false arrest claims are **DISMISSED without prejudice**.  It is further

ORDERED that plaintiff's Fourth Amendment claims relating to the June 20, 2018 search of plaintiff's digital media are **DISMISSED without prejudice**.  It is further

ORDERED that plaintiff's Fifth Amendment claims are **DISMISSED with prejudice**.  It is further

ORDERED that plaintiff's Eighth Amendment claims alleging violations of the Cruel and Unusual Punishment Clause is **DISMISSED with prejudice**.  It is further

ORDERED that plaintiff's Fourteenth Amendment substantive due process claim is **DISMISSED with prejudice**.  It is further

**ORDERED** that plaintiff's denial of court access claim is **DISMISSED without prejudice**.

DATED September 22, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge